UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE RICKETTS, | No. 2:13-cv-1496 AC P |
| Petitioner, | |
| v. | ORDER |
| MIKE BABCOCK, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis. Because the filing fee has been paid on petitioner's behalf, his motion to proceed in forma pauperis will be denied as unnecessary. Petitioner has consented to jurisdiction by United States Magistrate Judge. For the reasons set forth below, the petition must be dismissed.

On November 28, 1989, petitioner was convicted in the United States District Court for the Northern District of Georgia of conspiracy to manufacture methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), 846. See ECF No. 1 at 7. On December 16, 1989, the district court sentenced him to serve 360 months in federal prison. Id. Petitioner unsuccessfully appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, arguing that he had been incorrectly sentenced based on an "amount of drugs" even though no drug product was made, and further that phenylacetic acid was not a controlled substance and was not prohibited under 21 U.S.C. § 841(a)(1). Id. at 7, 13−14.

1

In the pending petition, petitioner asserts two grounds for relief: (1) "incorrect sentence, sentenced to 846, 841(a)(1) and should have been sentenced to 846, 841(d);" and (2) "conviction cannot stand by law under 864 [sic], 841(a)(1)." ECF No. 1 at 3. Petitioner admits that these grounds for relief are the same as those presented and rejected on direct appeal to the Eleventh Circuit Court of Appeals. Id. at 7. He nevertheless seeks to relitigate these issues in this court, stating that he should be allowed to do so because he is "Factually Innocent of the penalty statute, §841(a)(1), applied at sentencing." Id. at 7−8.

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue." See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.2000). Here, although petitioner filed the instant petition on a section 2241 habeas form, he is clearly asserting a challenge to the legality of his conviction and sentence, rather than to the manner, location, or conditions of the execution of his sentence. Generally, a federal prisoner contesting the legality of his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case is the United States District Court for the Northern District of Georgia. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).

However, section 2255 contains an "escape hatch" or "savings clause" which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The Ninth Circuit has interpreted the above clause to hold that a prisoner may invoke a district court's jurisdiction under section 2241 upon a showing that the remedy provided under section 2255 is "inadequate or ineffective" to test his incarceration. See Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). This exception, however, is narrow: a petitioner may only proceed under section 2241 if he claims to be: "(1) factually innocent of the

2

crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060. Section 2241 is not available to a petitioner simply because a court of appeals refuses to certify a second or successive petition under the provisions of section 2255. See Ivy, 328 F.3d at 1059.

Here, petitioner admits that his attorney properly raised the same claims presented in the pending petition on direct appeal to the Eleventh Circuit. See ECF No. 1 at 7-8, 13−14. He further states he is filing his petition under section 2241 rather than under section 2255 because "they claimed it was a second successive." Id. at 4. Petitioner does not allege that there has been a change in the law since his direct appeal or that the legal basis for his present claims did not exist during the pendency of his direct appeal. Rather, he explicitly seeks an opportunity to relitigate the claims presented and rejected on direct appeal. Id. at 7−8. Under these circumstances, petitioner cannot make the required showing that he has never had an unobstructed procedural shot at presenting his claims, and jurisdiction will not lie under section 2241. See Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.2008)); Ivy, 328 F.3d at 1059. On this basis, the petition must be dismissed.

For the foregoing reasons, IT IS ORDERED THAT:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as unnecessary;
2. The petition for writ of habeas corpus (ECF No. 1) is dismissed without leave to amend; and
3. The clerk is directed to close this case.

DATED: August 26, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//rick1496.2241